BENJAMIN B. WAGNER
United States Attorney
PAUL A. HEMESATH
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2932

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. CR S-02-104-LKK GGH |
| | ) | |
| Plaintiff/Respondent, | ) | ORDER FINDING |
| | ) | WAIVER OF ATTORNEY CLIENT |
| v. | ) | PRIVILEGE AND REQUIRING |
| | ) | DISCLOSURES FROM PRIOR |
| CESAR VALDEZ-SANTOS, | ) | COUNSEL AND EXTENDING TIME FOR |
| | ) | GOVERNMENT TO FILE ITS ANSWER |
| Defendant/Petitioner. | ) | TO DEFENDANT'S § 2255 PETITION |
| _____ | ) | |

Upon the United States' Motion and for the reasons set forth therein, the Court finds that the defendant's § 2255 Motion, has waived the attorney-client privilege over his communications with his prior attorney, Fred Dawson, on the topics of whether Mr. Dawson : (1) failed to advise him of a plea offer (P. 5, "Ground One"); (2) failed to properly investigate a juror (P. 5, "Ground Two); (3) failed to request a special verdict form regarding the weight of the chemical quantity (P. 5-6, "Ground Three"); and (4) failed to obtain a trial expert regarding the applicable chemical weight (P. 6, "Ground Four") (collectively, "the 2255 Issues").

\\\\\

1

The government also requested that:

> Upon motion of the government, good cause having been shown it is ORDERED that Attorney Dawson assist counsel for the United States by reviewing his files in the matter and providing oral information, and, if requested, help prepare and sign declarations, regarding the 2255 Issues.
> It is further ORDERED that Attorney Dawson transmit to counsel for the United States all written material (including internal file notes) documenting communications with the defendant that relate to the 2255 Issues.

The undersigned does not believe it appropriate to *order* former defense counsel to voluntarily assist government counsel by informally submitting to oral interviews, and preparing declarations, without formal request, i.e., deposition. Such actions may run afoul of California ethics law commanding that counsel generally take no actions adverse to his client – at least voluntarily. See Cal. Bus.& Prof. Code § 6068(e)(1): ([Counsel must]" maintain inviolate the confidence, and at every peril to himself or herself to preserve the secrets of his or her client.") See also Goldstein v. Lees, 46 Cal. App. 3d 614, 620, 621 and n.5, 120 Cal. Rptr 253, 256-257 (1975)( attorney-client privilege is more limited in protection of the client than California ethics law). While counsel is certainly free to make this voluntary participation decision on his own, and declarations are often submitted by defense counsel against whom ineffective assistance is alleged, the court will not order him to do so absent a motion to compel.[1]

\\\\\

---

[1] Ultimately, the client, petitioner herein, may have an adverse inference drawn against his case if he accuses defense counsel of ineffective representation, but then refuses to allow his counsel to participate in addressing the allegations.

2

However, the court will infer that government counsel has made a formal request for documents upon defense counsel and will hence order defense counsel Dawson to supply the requested documentation, if any, pertinent to the aforementioned subject matter areas of asserted ineffectiveness which are maintained in his files. Such information shall be transmitted to the government counsel within 28 days of the filed date of this order.

It is further ORDERED that the time for the government to file it answer to the defendant's § 2255 petition, is hereby extended to 45 days after the filing date of this Order.

**SO ORDERED.**

DATE: January 25, 2012

   /s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE