UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>v.<br><br>CESAR VALDEZ-SANTOS,<br><br>Petitioner. | No. 2:02-cr-0104 LKK AC<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner Cesar Valdez-Santos is a federal prisoner proceeding in pro per with a motion attacking his conviction and sentence under 28 U.S.C. § 2255. ECF No. 618. Petitioner states four claims for relief, each of which alleges that trial counsel provided ineffective assistance in violation of petitioner's Sixth Amendment rights. Respondent has answered. ECF Nos. 645, 647. For the reasons set forth below, the undersigned recommends that the petition be denied.

## FACTUAL AND PROCEDURAL BACKGROUND

Petitioner was one of fourteen defendants charged in relation to a 2002 conspiracy among individuals in Sacramento and Los Angeles Counties to manufacture methamphetamine. Petitioner, who was based in the Los Angeles area, was alleged to have supplied and delivered pseudoephedrine, a precursor chemical to methamphetamine, to another individual in the Central District of California who in turn transported the chemical to a meth lab in Rio Linda, in the Eastern District of California. Petitioner was indicted on June 6, 2002. Of the fourteen

1

| | |
|---|---|
| 1 | individuals charged in this case, two including petitioner ultimately went to trial. The other co- |
| 2 | defendants all pled guilty, and some testified against petitioner. Trial commenced on January 25, |
| 3 | 2005, on the basis of a Fourth Superseding Indictment that charged petitioner in three counts: |

- in Count One with conspiracy to manufacture and distribute methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1);
- in Count Three with conspiracy to possess and distribute a precursor chemical in violation of 21 U.S.C. §§ 846 and 841(c)(2); and
- in Count Four with possession and distribution of a precursor chemical in violation of 21 U.S.C. § 841(c)(2).

On February 4, 2005, after a six-day trial, the jury returned verdicts of not guilty on Count One and guilty on Counts Three and Four.[1]

On May 12, 2005, Judge Karlton granted petitioner's motion for acquittal on Count Three, and for a new trial and change of venue to the Central District as to Count Four. The government appealed the decision regarding Count Four only, and the Ninth Circuit reversed and remanded Count Four for sentencing. On March 13, 2007, Judge Karlton sentenced petitioner to 207 months.

Petitioner timely filed a notice of appeal, but the appeal was dismissed on July 1, 2009 for lack of an appealable issue.

The instant application for relief was filed on October 12, 2010. The United States asserts no procedural defenses, arguing that all of petitioner's claims are meritless.

LEGAL STANDARDS

28 U.S.C. § 2255 provides, in pertinent part: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside, or correct the sentence." A section 2255 motion is the customary procedure for challenging the effectiveness of trial counsel under

---

[1] Petitioner's co-defendant, Victor Hurtado-Cuevas, was found guilty on all three counts charged against him.

the Sixth Amendment. United States v. Houtchens, 926 F.2d 824, 828 (9th Cir. 1991).

To establish a constitutional violation based on ineffective assistance of counsel, a petitioner must show (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 692, 694 (1984). In evaluating counsel's performance, the court must apply a strong presumption that counsel's representation fell within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Prejudice means that the error actually had an adverse effect on the defense. There must be a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Id. at 693-94. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id. The court need not address both prongs of the Strickland test if the petitioner's showing is insufficient as to one prong. Strickland, 466 U.S. 668 at 697. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Id. at 689.

Unreasonable advice regarding a favorable plea offer constitutes deficient attorney performance under Strickland. See Lafler v. Cooper, 132 S.Ct. 1376, 1390 (2012). To establish prejudice in this context, a petitioner must show a reasonable probability that both he and the trial court would have accepted the forfeited plea bargain, and that it would have resulted in a lesser sentence. Id. at 1391.

If the court finds that petitioner's allegations are sufficient to support both prongs of the Strickland test, "a district court must grant a hearing to determine the validity of a petition brought under section 2255, '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting 28 U.S.C. § 2255). In other words, an evidentiary hearing is required if (1) a petitioner alleges specific facts, which, if true would entitle him to relief; and (2) the petition, files, and record of the case cannot conclusively show that the petitioner is entitled to no relief. United States v. Howard, 381 F.3d 873, 877 (9th Cir. 2004). No hearing is necessary if the petitioner's allegations, viewed against the record, fail to state a claim for relief or "are so

palpably incredible or patently frivolous as to warrant summary dismissal." United States v. McMullen, 98 F.3d 1155, 1159 (9th Cir. 1996), cert. denied, 520 U.S. 1269 (1997); see also Howard, 381 F.3d at 879 (bald, conclusory or inherently incredible allegations do not support a hearing).

## DISCUSSION

### I. Ineffective Assistance In Plea Bargaining

Petitioner alleges that his trial counsel, Fred Dawson, unreasonably failed to communicate a plea offer of sixteen years. Petitioner bases this claim on the following facts, as set forth in his supporting affidavit:

- Mr. Dawson told petitioner before trial that the government offered him a 20 year sentence;
- After trial Mr. Dawson said that petitioner should have taken the 16 year offer;
- Petitioner responded, "What 16 years; you told me 20 years!"
- Mr. Dawson replied, "I thought I told you 16 years;"
- Had Mr. Dawson relayed a 16 year offer, and advised petitioner about the availability of a reduction for acceptance of responsibility and the possibility of a "safety valve" departure, petitioner would not have gone to trial.

ECF No. 618 at 8.

The government contends that petitioner's account is false. In support of this contention, respondent provides a copy of a written plea offer signed by then-AUSA Carolyn Delaney, dated September 13, 2004, in which the government offered Petitioner a 168-month (14 year) sentence. ECF No. 645-1 at 5-6. Respondent also provides the declaration of Fred Dawson, who states under penalty of perjury that he relayed the 168-month offer to petitioner, who considered and rejected it. Mr. Dawson declares that he thought this case should not go to trial, and that he had advised petitioner to take a plea. Dawson remembers that petitioner had two reasons for rejecting the offer. First, petitioner's girlfriend had taken a three-year deal and was already out of custody, and petitioner believed she was more culpable than he was so he should get an offer at least as favorable. Second, petitioner believed despite counsel's advice to the contrary that the

4

government's case against him was weak and he might prevail at trial. Dawson has no memory of a conversation such as the one petitioner relates in his declaration, and believes he would remember any such conversation had it taken place. Although Dawson's case file from this matter cannot be located and is believed to have been accidentally destroyed,[2] Dawson remembers the case and does not recall any plea offer other than the written offer for 168 months.

Petitioner has not pled facts that, accepted as true, would entitle him to relief. His claim that a favorable offer was not communicated is entirely conclusory. See ECF No. 618 at 5. First, it is unclear whether petitioner means to allege that Dawson misstated the terms of the offer that he did communicate, erroneously describing as a 20 year offer what was actually a 16 year (or 14 year) offer, or whether petitioner is alleging that Dawson conveyed an actual 20 year offer but not a second and more favorable offer. The petition does not state facts to establish either scenario. There are no specific allegations regarding any particular plea offers or any conversations with counsel about any plea offer. No details are provided regarding the offer that petitioner understood was for 20 years, the circumstances in which it was communicated to petitioner, what information and advice Mr. Dawson provided, why petitioner rejected the offer, or why he would have felt differently about a 16 year offer. Petitioner also provides no facts indicating that any second or different offer was made. Petitioner's belief that Dawson failed to communicate a favorable offer is based entirely on a post-trial conversation that does not support an inference of anything more nefarious than a difference in memory regarding the terms of a single rejected offer. These allegations are insufficient to establish deficient performance.[3]

Respondent urges the court to affirmatively find that petitioner's version of events is false.

---

[2] Dawson explains that following the death of attorney Kevin Clymo, with whom Dawson shared office and storage space, a relative of Clymo destroyed old client files that the relative believed were Clymo's but were actually from Dawson's old cases.

[3] Respondent argues that petitioner's allegations regarding prejudice are also deficient, in that petitioner does not explicitly allege that he would have accepted a 16 year (or 14 year) offer. Respondent is correct as a technical matter, but the pleadings of pro se prisoners must be construed liberally. See United States v. Seesing, 234 F.3d 456, 462-63 (9th Cir. 2000). The petition strongly implies that petitioner would have accepted a 16 year (or14 year) offer, and the court will construe the petition as so alleging.

5

In addition to producing evidence to contradict petitioner's account, respondent presents an excerpt of petitioner's trial testimony as evidence of past perjury and seeks an adverse credibility finding on that basis. The undersigned declines the invitation to make any findings regarding perjury, or to resolve credibility disputes without a hearing. No hearing is necessary in this case, however, because the claim is insufficient for the reasons explained.

II. Ineffective Assistance In Jury Selection

Petitioner alleges that during jury selection he recognized a female juror as a police officer who had previously testified against him in Los Angeles. Petitioner relayed this information to Mr. Dawson, who failed to investigate the juror's background and keep her off the jury. Petitioner claims that he was prejudiced because "the lady juror could improperly influence the jury to believe that she had first-hand knowledge of my involvement in the alleged crime." ECF No. 618 at 5. The petition does not identify the juror at issue, provide any information about the police officer who had previously testified against petitioner or the substance of that testimony, provide any facts supporting a conclusion that the juror and the police officer are the same person, or explain what "first-hand knowledge of the crime" this individual might have had that would have improperly affected the jury's decision-making.

Respondent has provided the transcript of jury selection. ECF No. 647-1. Review of the transcript confirms that the prospective jurors were thoroughly questioned under oath about their employment, background, and connections to law enforcement. None had been police officers in Southern California. One female prospective juror worked in an unspecified capacity for the California Department of Justice and was acquainted with the latent fingerprint analyst who was listed as a witness in the case; this juror was excused by stipulation. ECF No. 647-1 at 114.[4] No female juror professed any knowledge of the case or the defendant.

Petitioner's allegations, viewed in light of the record of jury selection, fail to state a claim under Strickland. Even assuming that a juror looked familiar to petitioner, and that petitioner told

---

[4] Citations to court documents refer to the page numbers assigned by the court's electronic docketing system.

6

counsel she was a police officer who had testified against him in Los Angeles,[5] counsel's failure to ask the juror about this matter would not have been unreasonable. Counsel could reasonably have assumed that, in the extremely unlikely event that petitioner was correct, the court's systematic questioning of jurors regarding their backgrounds and experiences with law enforcement would uncover the matter. In these circumstances, the presumption that counsel's representation fell within the wide range of reasonable professional assistance, Strickland, 466 U.S. at 689, is not overcome.

Moreover, petitioner has not pled specific facts to establish prejudice. Prejudice exists if counsel fails to question a juror during voir dire or move to strike a juror and that juror is found to be biased, because this evinces "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Fields v. Brown, 503 F.3d 755, 776 (9th Cir. 2007) (en banc) (quoting Strickland, 466 U.S. at 694). Accordingly, petitioner must prove juror bias in order to prevail. Here there are no facts to support the existence of actual or implied bias on the part of any juror. Petitioner's bald allegation that an unspecified individual may have improperly influenced the jury in unspecified ways is entirely speculative. Without specific facts that if true would establish juror bias, petitioner cannot prove prejudice even if he could prove unreasonable attorney performance.

For these reasons, and because the record of jury selection refutes petitioner's claim that a juror had personal knowledge of him from her work as a police officer in Los Angeles, petitioner is not entitled to relief on Claim Two.

### III. Ineffective Assistance In Failing to Request Special Verdict

Petitioner alleges that trial counsel was ineffective in failing to request a special verdict form requiring the jury to state the quantity of pseudoephedrine for which he was responsible. Petitioner contends that he was prejudiced because the jury would likely have found him responsible for less than three kilograms of the precursor chemical.

The crime for which petitioner was convicted and sentenced does not specify a drug

---

[5] Mr. Dawson's declaration states that he recalls no such statement from his client. The undersigned assumes for present purposes that the allegations of the petition are true.

quantity. See 21 U.S.C. § 841(c). This provision is unlike § 841(a)(1), which provides mandatory minimum sentences for specified drug quantities. Accordingly, quantity is neither an element of the offense nor a sentencing factor functionally equivalent to an element and therefore subject to Apprendi v. New Jersey, 530 U.S. 466 (2000). See United States v. Tolliver, 351 F.3d 423, 434 (9th Cir. 2003) (Apprendi does not require a jury finding regarding drug quantity where quantity leads to increased offense level without affecting applicable statutory sentencing range), cert. denied, 541 U.S. 1079 (2004). Accordingly, there was no legal basis for a special verdict form on Count Four and counsel cannot have been ineffective for failing to request one. Petitioner is not entitled to relief on Claim Three.

## IV. Ineffective Assistance In Failing To Develop And Present Expert Testimony Regarding Amount Of Chemical Attributable To Petitioner

Petitioner alleges that trial counsel was ineffective in failing to present expert testimony at trial and/or at sentencing "to aid the court in the process of determining the process of how to properly determine the amount of listed chemical since no drugs (pills) were recovered from Valdez-Santos and he was found not guilty of the conspiracy charges by the judge." ECF No. 618 at 6. Petitioner complains that he was convicted and sentenced in the absence of "lab reports, . . . testimony of what type of pills were allegedly distributed by him, or how the government was calculating the listed chemical Valdez-Santos was accountable for." Id. Petitioner does not specify what type of expert witness testimony should have been presented, how weight should have been calculated, or what quantities a defense expert would have found attributable to him.

Because drug quantity was not an element for the jury, see Tolliver, 351 F.3d at 434, the undersigned addresses only the issue of ineffective assistance at sentencing.

The PSR concluded that petitioner was responsible for a quantity of pseudoephedrine resulting in a base offense level of 38. The quantity was determined pursuant to U.S.S.G. 2D1.11(c)(1), as the result of the fact that petitioner's provision of pseudoephedrine allowed the lab to produce over 1.5 kilograms of pure methamphetamine. See PSR dated February 27, 2007 at 10-11. The PSR calculated a resulting Guidelines range of 292-365 months, and recommended the statutory maximum sentence of 240 months. Judge Karlton sentenced petitioner to 207

8

months.

Claim Four lacks factual allegations to establish prejudice. Without facts specifying the substance of expert testimony that could and should have been presented at sentencing, petitioner cannot demonstrate that the presentation of such evidence would have affected the outcome. See Strickland, 466 U.S. at 694; Grisby v. Blodgett, 130 F.3d 365, 373 (9th Cir. 1997) ("Speculation about what an expert could have said is not enough to establish prejudice"). Accordingly, Claim Four does not state a claim under Strickland.

## CONCLUSION

For the reasons explained above, all of petitioner's ineffective assistance of counsel claims are facially insufficient. The petition, files and records of the case conclusively demonstrate that petitioner is not entitled to relief. Accordingly, IT IS RECOMMENDED that petitioner Cesar Valdez-Santos' motion under 28 U.S.C. § 2255 be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Courts order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 19, 2013

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

9